# EXHIBIT

# "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

Index No.:
Date Purchased:

----------------------------------------------------------------------X

**PAOLA GUZMAN-REYES and CLARA REYES ABREU,**

**Plaintiffs,**

**-against-**

**FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEMS, INC and "JOHN DOE" (said name being fictious),**

**Defendants.**

----------------------------------------------------------------------X

## SUMMONS

Plaintiffs designate **QUEENS County** as the place of trial.

The basis of venue is: Place of Occurrence

## To the above-named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
November 20, 2025

**By: Louis S. DeSorbo, Esq.**
**THE RYBAK FIRM, PLLC**
Attorney for Plaintiffs
**PAOLA GUZMAN-REYES and CLARA REYES ABREU**
1810 Voorhies Avenue. Suite #7
Brooklyn, NY 11235
(718)975-2035

TO:

**FEDEX CORPORATION**
RAJESH SUBRAMANIAM
942 SOUTH SHADY GROVE ROAD
MEMPHIS, TN 38120

**FEDEX GROUND PACKAGE SYSTEM, INC.**
JOHN A. SMITH
1000 FEDEX DRIVE,
MOON TOWNSHIP, PA 15108

**"JOHN DOE"**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

-----------------------------------------------------------------X

**PAOLA GUZMAN-REYES and CLARA REYES ABREU,**

**Plaintiffs,**

**-against-**

**FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEMS, INC and "JOHN DOE" (said name being fictious),**

**Defendants.**

-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiffs, by their attorneys, **THE RYBAK FIRM, PLLC**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>ON BEHALF OF PAOLA GUZMAN-REYES</u>**

1. At all times herein mentioned, Plaintiff, **PAOLA GUZMAN-REYES** was, and still is, a resident of the County of PASSAIC, State of New Jersey.

2. At all times herein mentioned, Plaintiff, **CLARA REYES ABREU** was, and still is, a resident of the County of the BERGEN, State of New Jersey.

3. That at all times herein mentioned, Defendant, **FEDEX CORPORATION**, was and still is a corporation incorporated in Delaware with its principal place of business in Tennessee located at the address known 942 South Shady Grove Road, Memphis, TN 38120.

4. That at all times herein mentioned, Defendant, **FEDEX CORPORATION**, was and still is a foreign corporation duly authorized to do business in the state of New York.

5. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, was and still is a duly authorized foreign corporation transacting business in the State of New York.

6. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, does and/or solicits business within the State of New York.

7. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, derives substantial revenue from goods used or consumed or services rendered in the State of New York.

8. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

9. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, derives substantial revenues from interstate or international commerce.

10. At all times herein mentioned, Defendant, **FEDEX CORPORATION**, owned the Tractor Trailer hauling a trailer bearing an Indiana plate number P339507.

11. Plaintiff is currently unaware of the name of the Defendant **"JOHN DOE".**

12. Upon information and belief, on or about December 2, 2023, and at all times hereinafter mentioned, Defendant, **FEDEX CORPORATION**, employed **"JOHN DOE"** as a driver.

13. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer hauling a trailer bearing an Indiana plate number P339507.

14. At all times hereinafter mentioned, Defendant, **"JOHN DOE",** operated the aforesaid Tractor Trailer, with the knowledge of Defendant, **FEDEX CORPORATION.**

15. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer with the permission of Defendant, **FEDEX CORPORATION.**

16. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer with the consent of Defendant, **FEDEX CORPORATION.**

17. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer within the scope of employment for the Defendant, **FEDEX CORPORATION.**

18. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer pursuant to a lease agreement with the Defendant, **FEDEX CORPORATION.**

19. At all times hereinafter mentioned, Defendant, **FEDEX CORPORATION,** managed the aforesaid Tractor Trailer.

20. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, managed the aforesaid Tractor Trailer.

21. At all times hereinafter mentioned, Defendant, **FEDEX CORPORATION,** controlled the aforesaid Tractor Trailer.

22. At all times hereinafter mentioned, Defendant, **"JOHN DOE",** controlled the aforesaid Tractor Trailer.

23. At all times hereinafter mentioned, Defendant, **FEDEX CORPORATION,** maintained the aforesaid Tractor Trailer.

24. At all times hereinafter mentioned, Defendant. **"JOHN DOE",** maintained the aforesaid Tractor Trailer.

25. That at all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, was and still is a corporation incorporated in Delaware with its principal place of business in Pennsylvania located at the address known 1000 Fedex Drive, Moon Township, PA 15108.

26. That at all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, was and still is a foreign corporation duly authorized to do business in the state of New York.

27. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, was and still is a duly authorized foreign corporation transacting business in the State of New York.

28. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, does and/or solicits business within the State of New York.

29. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, derives substantial revenue from goods used or consumed or services rendered in the State of New York.

30. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

31. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, derives substantial revenues from interstate or international commerce.

32. At all times herein mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, owned the Tractor Trailer hauling a trailer bearing an Indiana plate number P339507.

33. Plaintiff is currently unaware of the name of the Defendant **"JOHN DOE".**

34. Upon information and belief, on or about December 2, 2023, and at all times hereinafter mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, employed **"JOHN DOE"** as a driver.

35. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer hauling a trailer bearing an Indiana plate number P339507.

36. At all times hereinafter mentioned, Defendant, **"JOHN DOE",** operated the aforesaid Tractor Trailer, with the knowledge of Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**

37. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer with the permission of Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**

38. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer with the consent of Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**

39. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer within the scope of employment for the Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**

40. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, operated the aforesaid Tractor Trailer pursuant to a lease agreement with the Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**

41. At all times hereinafter mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.,** managed the aforesaid Tractor Trailer.

42. At all times hereinafter mentioned, Defendant, **"JOHN DOE"**, managed the aforesaid Tractor Trailer.

43. At all times hereinafter mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, controlled the aforesaid Tractor Trailer.

44. At all times hereinafter mentioned, Defendant, **"JOHN DOE",** controlled the aforesaid Tractor Trailer.

45. At all times hereinafter mentioned, Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, maintained the aforesaid Tractor Trailer.

46. At all times hereinafter mentioned, Defendant. **"JOHN DOE",** maintained the aforesaid Tractor Trailer.

47. At all times hereinafter mentioned, Plaintiff, **PAOLA GUZMAN-REYES,** was the registered owner of a 2000 Ford, motor vehicle bearing state of New Jersey registration number Y73PGE.

48. At all times hereinafter mentioned, Plaintiff, **PAOLA GUZMAN-REYES,** was an operator of a 2000 Ford, motor vehicle bearing state of New Jersey registration number Y73PGE.

49. At all times hereinafter mentioned, Plaintiff, **CLARA REYES ABREU,** was lawfully and properly a passenger in the vehicle owned and operated by **PAOLA GUZMAN-REYES.**

50. At all times hereinafter mentioned, the West Bond Long Island Expressway, at or near its intersection with Cross Island Pkwy, in the County of the QUEENS, City and State of New York, were public roadways and/or thoroughfares.

51. That on or about December 2, 2023, at the aforementioned location, the aforementioned motor vehicle owned, controlled, maintained by Defendant, **FEDEX CORPORATION**, and operated by defendant, **"JOHN DOE"**, came into contact with the aforementioned motor vehicle owned and operated by Plaintiff, **PAOLA GUZMAN-REYES**.

52. That on or about December 2, 2023, at the aforementioned location, the aforementioned motor vehicle owned, controlled, maintained by Defendant, **FEDEX GROUND PACKAGE SYSTEM INC.**, and operated by defendant, **"JOHN DOE"**, came into contact with the aforementioned motor vehicle owned and operated by Plaintiff, **PAOLA GUZMAN-REYES**.

53. That as a result of the aforesaid contact, Plaintiff, **PAOLA GUZMAN-REYES,** was caused to sustain serious, severe permanent personal injuries.

54. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

55. That Defendants were negligent, careless and reckless in their respective ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles. The occurrence was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in their respective ownership, operation, management and control of their motor vehicle; in failing to keep their vehicle under proper, prudent and reasonable control; in operating said motor vehicle at an excess and unlawful rate of speed under the conditions and circumstances prevailing at or prior to the said occurrence; in failing to keep a proper lookout; in failing to see; in failing to observe the roadway; in failing to properly stop; in failing to properly

apply the brakes; in failing to obey traffic control devices; in failing to give any sign, signal or warning of the impending occurrence; in failing to stay in their respective and proper lane of travel; in failing to avoid the collision with plaintiff's vehicle; in failing to observe the right-of-way of other vehicles; in failing to comply with the Statutes and Ordinances pertaining to vehicular traffic on the highways of New York; and in failing to avoid this collision, although the defendants had a full opportunity to avoid same; and were further negligent in the circumstances.

56. That by reason of the foregoing, Plaintiff, **PAOLA GUZMAN-REYES,** sustained severe and permanent personal injuries; plaintiff sustained great bodily injuries with accompanying conscious pain and suffering; she became sick, sore, lame and disabled; some of her injuries were permanent; she was compelled to seek medical attention for these injuries; they were caused to undergo surgical procedures and was unable to attend her usual business and occupation; and Plaintiff, **PAOLA GUZMAN-REYES**, was otherwise damaged.

57. That Plaintiff, **PAOLA GUZMAN-REYES**, sustained serious injuries as defined in Subdivision (d) of Section 5102 of the Insurance Law-Recodification.

58. That Plaintiff, **PAOLA GUZMAN-REYES**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of 5104 of the Insurance Law.

59. That Plaintiff, **PAOLA GUZMAN-REYES,** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those

damages not recoverable through no-fault insurance under the facts and circumstances in this action.

60. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

61. That by reason of the foregoing, Plaintiff, **PAOLA GUZMAN-REYES**, has been damaged in an amount greater than the jurisdictional limits of all lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF CLARA REYES ABREU**

62. Plaintiff, **CLARA REYES ABREU,** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" inclusive, with the same force and effect as though set forth herein at length.

63. That as a result of the aforesaid contact, Plaintiff, **CLARA REYES ABREU,** was caused to sustain serious, severe permanent personal injuries.

64. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

65. That Defendants were negligent, careless and reckless in their respective ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles. The occurrence was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in their respective ownership, operation, management and control of their motor vehicle; in failing to keep their vehicle under proper, prudent and reasonable control; in operating said motor vehicle at an excess and unlawful rate of speed under the conditions and circumstances

prevailing at or prior to the said occurrence; in failing to keep a proper lookout; in failing to see; in failing to observe the roadway; in failing to properly stop; in failing to properly apply the brakes; in failing to obey traffic control devices; in failing to give any sign, signal or warning of the impending occurrence; in failing to stay in their respective and proper lane of travel; in failing to avoid the collision with plaintiff's vehicle; in failing to observe the right-of-way of other vehicles; in failing to comply with the Statutes and Ordinances pertaining to vehicular traffic on the highways of New York; and in failing to avoid this collision, although the defendants had a full opportunity to avoid same; and were further negligent in the circumstances.

66. That by reason of the foregoing, Plaintiff, **CLARA REYES ABREU,** sustained severe and permanent personal injuries; plaintiff sustained great bodily injuries with accompanying conscious pain and suffering; he became sick, sore, lame and disabled; some of his injuries were permanent; he was compelled to seek medical attention for these injuries; he was caused to undergo surgical procedures and was unable to attend his usual business and occupation; and Plaintiff, **CLARA REYES ABREU**, was otherwise damaged

67. That Plaintiff, **CLARA REYES ABREU**, sustained serious injuries as defined in Subdivision (d) of Section 5102 of the Insurance Law-Recodification.

68. That Plaintiff, **CLARA REYES ABREU**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of 5104 of the Insurance Law.

69. That Plaintiff, **CLARA REYES ABREU,** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-

fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

70. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

71. That by reason of the foregoing, Plaintiff, **CLARA REYES ABREU**, has been damaged in an amount greater than the jurisdictional limits of all lower Courts.

**WHEREFORE**, Plaintiffs, **PAOLA GUZMAN-REYES** and **CLARA REYES ABREU**, demand judgment against the Defendants in their respective causes of action, First and Second, in an individual and/or aggregate amount which exceeds the jurisdictional limitation of all lower Courts together with costs and disbursements of this action.

Dated: New York, New York
November 20, 2025

Yours, etc.

**by: Louis S. DeSorbo, Esq.**
**THE RYBAK FIRM, PLLC**
Attorney for Plaintiffs
**PAOLA GUZMAN-REYES AND**
**CLARA REYES ABREU**
1810 Voorhies Avenue. Suite #7
Brooklyn, NY 11235
(718)975-2035

STATE OF NEW YORK )
: ss.
COUNTY OF NEW YORK )

Louis S. DeSorbo, an attorney licensed to practice in The State of New York affirms the truth of the following under the penalties of perjury:

That deponent has read the foregoing SUMMONS and COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters alleged upon information and belief, and as to those matters deponent believes it/them to be true; and the reason that this Verification is not made by Plaintiff and is made by deponent is that Plaintiff is not presently in the county where THE RYBAK FIRM, PLLC, maintains their offices.

Deponent further affirms that the source of deponent's information and the grounds for deponent's beliefs, as to all matters not stated upon deponent's knowledge, is and are investigations made, documents retrieved or compiled and/or information provided on behalf of and/or relating to Plaintiffs' claims in this action.

Dated: Brooklyn, New York
November 20, 2025

Louis S. DeSorbo

**Index No.:**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

---

**PAOLA GUZMAN-REYES and CLARA REYES ABREU,**

**Plaintiffs,**

**-against-**

**FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEMS, INC and "JOHN DOE" (said name being fictious),**

**Defendants.**

---

**SUMMONS and VERIFIED COMPLAINT**

---

**THE RYBAK FIRM, PLLC**
**Attorneys for Plaintiff**
**1810 Voorhies Avenue, Suite 7**
**Brooklyn, New York 11235**
**(718) 975-2035**